UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEAN JENKINS, individually and
on behalf of all similarly situated
individuals,

      Plaintiff,

v.                                                          CASE NO. 3:18-cv-393-J-32JBT

SDI FLORIDA LLC, etc., et al.,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement and Joint Stipulation of Dismissal With Prejudice ("Motion") (Doc. 25). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 26.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the FLSA Settlement Agreements and Releases ("Agreements") (Docs. 25-1 & 25-2) be **APPROVED**, and this action be **DISMISSED with prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.  Background**

Plaintiff Sean Jenkins filed the instant action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") (Doc. 1.)  Plaintiff alleged that he was employed by Defendants as a non-exempt First Assistant Manager, and that he regularly worked in excess of forty hours per week during his employment.  (*Id.* at 2, 4.)  Plaintiff further alleged that Defendants failed to pay him one and one-half times his regular rate of pay for the overtime hours he worked, in violation of the FLSA.  (*Id.* at 6–7.)  Plaintiff sought compensation for all unpaid wages, liquidated damages, attorney's fees and costs, and pre- and post-judgment interest.  (*Id.* at 9–10.)  Thereafter, Opt-In Plaintiff Reshawn Solomon filed a Consent to Joint Form, wherein he consented to be a party plaintiff and indicated that he did not receive proper compensation for all overtime hours worked while he was employed by Defendants.  (Doc. 18-1).[2]  The parties now request that the Court approve their settlement of Plaintiffs' claims.  (Doc. 25.)

**II.  Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal

---

[2] "The plain language of [28 U.S.C. § 216(b)] supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required."  *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).

> amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]

---

[3] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III. Analysis

The Agreements provide that Defendants will pay a total of $4,500 to Plaintiffs and their counsel, which consists of the following: $1,500 to Mr. Jenkins ($750 for unpaid wages and $750 for liquidated damages); $1,500 to Mr. Solomon ($750 for

---

Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

unpaid wages and $750 for liquidated damages); and $1,500 to Plaintiffs' counsel for attorneys' fees and costs. (Doc. 25 at 2; Doc. 25-1 at 1–2; Doc. 25-2 at 1–2.) The parties represent that Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. (Doc. 25 at 5.)

The parties state that the Agreements reflect a reasonable compromise of disputed issues, including the number of overtime hours Plaintiffs worked without proper pay, if any, and whether Defendants' time records accurately reflected the number of hours worked by Plaintiffs. (Doc. 25 at 2.) The Motion states that "this case was not resolved until after significant information was exchanged between the parties," including Defendants' "records of Plaintiffs' hours worked and compensation received." (*Id.* at 4.)

Although Plaintiffs initially estimated that they were each owed significantly more than $750 in unpaid wages, they acknowledged that their figures were "estimate[s] based on averages," and stated that the inaccuracy of Defendants' time records precluded them from providing more accurate numbers. (Docs. 17-1 & 21-1.) However, after reviewing the pertinent records, "the parties agree that each Plaintiff is recovering full settlement value for his disputed FLSA claim, based on the records maintained by [Defendants], equal to or greater than what he could have recovered had he prevailed at trial." (Doc. 25 at 4.) Thus, although "Plaintiffs believed and argued that Defendants' records were not accurate in certain respects, in order to avoid the cost and uncertainty associated with litigation, the parties

agreed to resolve this matter . . . ." (*Id.* at 2.)

In light of the above, Plaintiffs appear to be receiving a reasonable recovery. Additionally, Plaintiffs are represented by attorneys. Thus, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorneys' fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of attorneys' fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

As noted above, Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. (Doc. 25 at 5.) Additionally, there is no reason to believe Plaintiffs' recovery was adversely affected by the agreed-upon fees and costs. Although Plaintiffs' counsel did not submit time and cost records, the Motion states that the $1,500 for attorneys' fees and costs "is a discount off of the amount of attorneys' fees and costs actually incurred." (*Id.*) Moreover, the amount is reasonable on its face, and it appears that counsel are

being adequately compensated for their work. Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.[4]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 25**) be **GRANTED**.

2. The FLSA Settlement Agreements and Releases (**Docs. 25-1 & 25-2**) be **APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 2, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

---

[4] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.